**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROGER WILSON, )<br>)<br>        Plaintiff, )<br>)<br>   v. )<br>)<br>UNITED STATES GOVERNMENT and )<br>OFFICE OF ATTORNEY GENERAL, )<br>)<br>        Defendants. ) | Judge Cynthia Reed Eddy<br>2:17-cv-00301 |

# **MEMORANDUM OPINION AND ORDER**[1]

## I. INTRODUCTION

Presently before the Court is the Motion to Dismiss filed by the United States Government and Office of Attorney General (*collectively*, "Defendants") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), with brief in support. (ECF Nos. 16 and 17). Plaintiff filed a response in opposition (ECF No. 22), to which Defendants filed a reply. (ECF No. 24). The matter is fully briefed and ripe for disposition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 10, 2007, Plaintiff pled guilty in the United States District Court for the Western District of Pennsylvania to one count of conspiracy to possess and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C). (2:06-cr-00316: ECF No. 290; 2:07-cr-00101: ECF No. 42). On January 8, 2008, Plaintiff was sentenced to a term of sixty-five (65) months' imprisonment to be followed by a term of supervised release of six (6)

---

[1] All parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* 28 U.S.C. § 636 et seq.; Consent to Trial / Jurisdiction by United States Magistrate Judge (ECF Nos. 2 and 20).

years. Plaintiff was released to supervision on December 1, 2011. (2:06-cr-00316: ECF No. 600 at 2).

On October 10, 2012, Plaintiff appeared with counsel before the Court for a supervised release and revocation hearing. Thereafter, Plaintiff was committed to the United States BOP in order to complete a mental health evaluation. On January 4, 2013, following a competency hearing, Plaintiff was committed to the custody of the Attorney General for restorative hospitalization. On December 20, 2013, the Court found that further custody of Plaintiff by the Attorney General for purposes of evaluation and treatment was not warranted and Plaintiff was released from custody.

On January 21, 2016, the U.S. Probation Officer requested that Plaintiff be discharged from supervision, prior to its original expiration date. On February 2, 2016, without objection from the parties, the court terminated Plaintiff's supervision.

Plaintiff filed his initial Complaint in this case on March 8, 2017. (ECF No. 1). On May 30, 2017, Plaintiff filed an Amended Complaint, which remains his operative pleading. (ECF No. 14). Plaintiff claims that he was illegally detained between October 2012 and December 2013, based on false reports of supervision violations by his U.S. probation officer. As a result of his detention, Plaintiff claims that he lost his dating website business and seeks $500 million in damages. Plaintiff's claims sound in negligence.[2] The Federal Tort Claims Act authorizes "damages to be recovered against the United States for harm caused by the negligent or wrongful conduct of Government employees, to the extent that a private person would be liable under the

---

[2] Even though Plaintiff does not mention the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq.*, negligence claims against the United States government are brought pursuant to the FTCA.

law of the place where the conduct occurred." *Boyle v. United Technologies Corp.*, 487 U.S. 500, 511 (1988) (citing 28 U.S.C. § 1346(b)).

Defendants filed the instant motion under Federal Rules of Civil Procedure 12(b)(1), as well as under 12(b)(6).  First, Defendants argue that Plaintiff's claims should be dismissed in their entirety since he failed to exhaust his Administrative remedies as required.  This argument is based on Rule 12(b)(1).  Next, Defendants argue that the Office of the Attorney General should be dismissed because under the FTCA the United States of America is the only proper party defendant, not the federal agency or an individual federal employee.[3]

### III.   STANDARD OF REVIEW

#### A.   *Challenge to Subject-Matter Jurisdiction*

Dismissal of a complaint is warranted under Federal Rule of Civil Procedure 12(b)(1) when the district court lacks subject-matter jurisdiction over the claims pled therein.  A 12(b)(1) motion may challenge jurisdiction based on the face of the complaint or its existence in fact. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017) (citing *Davis v. Wells*, 824 F.3d 333, 346 (3d Cir. 2016)).  When the challenge is facial, the court must accept as true all well-pleaded allegations in the complaint and draw reasonable inferences in favor of the plaintiff.  *Mortensen v. First Fed. Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  When the challenge is factual, however, the court is not bound by the allegations in the pleadings.  *Id*.  Therefore, "no presumptive truthfulness attaches to plaintiff's allegations" for factual challenges.  *Id*.  Regardless of whether the challenge is facial or factual, the plaintiff bears the burden of persuasion.

---

[3]   In his reply, Plaintiff clarified that he was bringing this case only against the United States Government.  Therefore, the Office of the Attorney General will be dismissed without objection.

3

Here, the Court deems Defendants as making a factual challenge to jurisdiction. Thus, the Court will consider the Declaration attached to Defendants' brief with respect to their Rule 12(b)(1) motion.

### *B. Failure to State a Claim*

Dismissal of a complaint or portion of a complaint is justified under Federal Rule of Civil Procedure 12(b)(6) when a claimant fails to sufficiently state a claim upon which relief can be granted. Avoiding dismissal under Rule 12(b)(6) requires a pleading party's complaint to provide "enough factual matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "'nudge his or her claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 – 35 (3d Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

In assessing the merits of a claim subject to a motion to dismiss, a court must engage in a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 – 11 (3d Cir. 2009). First, factual and legal elements of a claim must be distinguished. *Id.* Second, it must be determined whether the facts as alleged support a "plausible claim for relief." *Id.* In making the latter determination, the court must be mindful that the matter pleaded need not include "detailed factual allegations," *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555), and the court must construe all alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *Id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). Moreover, a pleading party need only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler*, 578 F.3d at 213 (quoting *Graff v. Subbiah Cardiology Assoc., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)). A well-pleaded complaint, even when "it strikes a savvy judge that

actual proof of…facts is improbable," will not be dismissed as long as the pleader demonstrates that his or her claim is plausible. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 555 – 56).

Nevertheless, the facts provided do need to raise the expectation of relief above a purely speculative level, and must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Phillips*, 515 F.3d at 231 – 32 (quoting *Twombly*, 550 U.S. at 554 – 56). Rule 8(a)(2) "requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Id.* at 232. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler*, 578 F.3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Court will first consider the Rule 12(b)(1) motion. As stated *supra,* Defendants argue that this Court lacks subject matter jurisdiction due to Plaintiff's failure to exhaust his Administrative remedies. As noted, Defendants have submitted a Declaration in support of this argument.[4]

## IV.   DISCUSSION

When the United States government is sued in tort, the FTCA is the sole avenue available for asserting a claim. *Vanderlok v. United States*, 868 F.3d 189, 201 (3d Cir. 2017). It operates as a limited waiver of sovereign immunity, and must be strictly construed. *White-Squire v. United States Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010) (citing *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003); *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989)). The FTCA specifically requires that before a civil action may be initiated, the

---

[4]   Courts can consider documents outside the pleadings when considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction that is treated by the Court as a factual challenge to jurisdiction*. See PA Protection and Advocacy, Inc., v. Houston,* 136 F. Supp. 2d 353, 359 (E.D. Pa. 2001).

claimant must first present an administrative claim to the appropriate administrative agency and obtain a final denial of that tort claim. 28 U.S.C. § 2675(a); *White-Squire*, 592 F.3d at 457 (citing 28 U.S.C. § 2675(a)); *Lightfoot v. United States*, 564 F.3d 625, 626 (3d Cir. 2009). This requirement is "jurisdictional and cannot be waived." *White-Squire*, 592 F.3d at 457 (quoting *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)). In other words, no FTCA case may be initiated in court unless the claimant first presented a written claim to the appropriate agency within two years after such claim accrued, and then suit must be commenced within six months of the denial of the claim. *See* 28 U.S.C. §§ 2401(b) & 2675(a).

Therefore, in this case, Plaintiff must have submitted an FTCA notice to the offending agency prior to commencing this action. In support of their position, Defendants have provided the Declaration of Laura E. Cress, Paralegal Specialist of the Office of General Counsel with the Administrative Office of the United States Courts. (ECF No. 17-1). The Administrative Office of the United States Courts ("Administrative Office") acts as the head of a Federal agency for the purpose of considering all claims under the FTCA for money damages against the United States for injury or loss of proper or death allegedly caused by the negligent or wrongful conduct of an officer or employee of the courts of the United States. In her declaration, Ms. Cress states that she conducted a search of the records of the Administrative Office and found no claim or submission made by Plaintiff. Plaintiff has failed to rebut this evidence.

Therefore, it is undisputed that Plaintiff did not submit a claim concerning the allegations in this lawsuit to the Administrative Office prior to commencing suit. Because Plaintiff did not

exhaust his available administrative tort remedies, his claims must be dismissed for lack of jurisdiction.[5]

Further, Plaintiff's claims will be dismissed with prejudice as any attempt at amendment would be futile. *See Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 217 (3d Cir. 2013) (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008)) (leave to amend not necessary when amendment would be inequitable or futile). If Plaintiff's claim accrued in December 2013, as he indicates, he would be beyond the statute of limitations period to file his tort claim with the Administrative Office as an administrative claim should have been filed by December 2015.[6] Plaintiff cannot now attempt to initiate administrative proceedings to remedy this error.

## V. CONCLUSION

Based upon the foregoing, Defendants' Motion to Dismiss will be granted. The Court finds that Plaintiff has failed to plead facts sufficient to establish the subject-matter jurisdiction of this Court. As discussed, any amendment in an attempt to remedy this deficiency would be futile.

An appropriate Order follows.

---

[5] In light of the Court's determination that it lacks subject-matter jurisdiction, it need not address Defendants' remaining arguments under Rule 12(b)(6).

[6] "Normally, a tort claim accrues at the time of injury." *Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 271 (3d Cir. 2006).

**ORDER**

**AND NOW**, this 24th day of October, 2017, it is hereby **ORDERED, ADJUDGED AND DECREED** that Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) is **GRANTED** and Plaintiff's complaint is dismissed with prejudice, as amendment would be futile.

The Clerk of Court is directed to mark this case **CLOSED.**

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: Roger Wilson
516 Sinclair Street
Apt. 501
McKeesport, PA 15132
(via U.S. First Class Mail)

Jennifer R. Andrade
United States Attorney's Office
(via ECF electronic notification)